**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00518-NYW

DANIEL PERTILE,
GINGER PERTILE,

      Plaintiffs,

v.

GENERAL MOTORS, LLC, f/k/a GENERAL MOTORS COMPANY and NGMCO, Inc., a
Delaware company,
GENERAL MOTORS COMPANY, a Delaware company,
TRW AUTOMOTIVE HOLDINGS CORP., a Delaware corporation,
TRW AUTOMOTIVE INC., a Delaware corporation,
TRW VEHICLE SAFETY SYSTEMS INC., a Delaware corporation,
TRW AUTOMOTIVE GMBH, a German corporation,
TRW AUTOMOTIVE U.S. LLC, a Delaware corporation,
NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORPORATION, an Ohio
corporation,
NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware corporation,
TRW INC., a Delaware corporation,
TRW AUTOMOTIVE HOLDING COMPANY, a Delaware corporation,
TRW AUTOMOTIVE (LV) CORP., a Delaware corporation,
DELPHI CORPORATION, a Delaware corporation,
DPH HOLDINGS CORP., a Delaware corporation
DELPHI AUTOMOTIVE PLC, a foreign corporation,
DELPHI AUTOMOTIVE LLP, a foreign corporation,
DELPHI AUTOMOTIVE SYSTEMS, LLC, a Delaware corporation,
DPH-DAS LLC, a Delaware corporation
DELPHI AUTOMOTIVE HOLDINGS LIMITED, a foreign corporation,
ROBERT BOSCH LLC, a Delaware corporation,
ROBERT BOSCH CORPORATION, a Delaware corporation,
BOSCH CORPORATION, a foreign corporation,
ROBERT BOSCH NORTH AMERICA CORPORATION, a Delaware corporation,
ROBERT BOSCH GMBH, a foreign corporation,
JOHN DOES NOS. 1-25, and
JOHN DOE COMPANIES NOS. 1-25,

      Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This civil action is before me on the Stipulation to Dismiss General Motors Company Without Prejudice ("General Motors Co. Stipulation") [#26, filed April 2, 2015] and the Stipulation to Dismiss Bosch Entities Without Prejudice ("Bosch Entities Stipulation") [#27, filed April 2, 2015] (collectively, the "Stipulations"). Also before the court is the Stipulation on Joinder and Dismissal of Certain TRW Entities ("TRW Stipulation") [#29, filed April 8, 2015] and the Stipulation to Dismiss Defendants Delphi Automotive PLC, Delphi Automotive LLP, and Delphi Automotive Holdings, LTD With Prejudice and Delphi Automotive Systems, LLC Without Prejudice ("Delphi Stipulation") [#30, filed April 8, 2015]. The Parties submit these stipulations pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

Rule 41(a)(1)(A)(ii) provides in relevant part that plaintiffs may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The docket in this action reflects that attorneys have entered an appearance for the General Motors Defendants, certain Bosch Defendants, certain TRW and Northrup Grumman Defendants, and certain Delphi Defendants.[1] The General Motors Co. Stipulation is signed by attorneys for Plaintiffs and attorneys for the General Motors Defendants. It is not, however, signed by attorneys for the Bosch Defendants, TRW and Northrup Grumman Defendants, or the Delphi Defendants. [*See* #26 at 5]. Similarly, the Bosch

---

[1] The docket further reflects that no attorney has entered an appearance on behalf of Defendants TRW Automotive GMBH, DPH Holdings Corp., Delphi Automotive PLC, Delphi Automotive LLP, DPH-DAS LLC, Delphi Automotive Holdings Limited, Bosch Corporation, and Robert Bosch GMBH.

Entities Stipulation is signed by attorneys for Plaintiffs and attorneys for the Bosch Defendants. It is not signed by attorneys for the General Motors Defendants, TRW and Northrup Grumman Defendants, or the Delphi Defendants.  [*See* #27 at 5-6].

The TRW Stipulation is signed by attorneys for Plaintiffs and attorneys for the TRW Northrup Grumman Defendants.  It is not signed by attorneys for the General Motors Defendants, Bosch Defendants, or the Delphi Defendants.  [*See* #29 at 6].  The Delphi Stipulation is likewise signed by attorneys for Plaintiffs and attorneys for the Delphi Defendants. It is not signed by attorneys for the General Motors Defendants, Bosch Defendants, or the TRW Northrup Grumman Defendants. [*See* #30 at 5].  While the court does not anticipate any issue with respect to the additional parties unaffected by the Stipulations, the Stipulations do not conform to the plain language of the Rule under which they are filed.  Accordingly,

IT IS ORDERED:

1. The Parties shall re-file stipulations that comply with the language of Rule 41(a)(1)(A)(ii) on or before **April 22, 2015**, and those stipulations will be effective upon filing;

2. The Scheduling Conference will remain set for **April 27, 2014** with respect to the remaining parties.

DATED: April 13, 2015                                       BY THE COURT:

                                                                          s/Nina Y. Wang
                                                                          United States Magistrate Judge

3