**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00518-WJM-NYW

DANIEL PERTILE, an individual; and
GINGER PERTILE, an individual,

    Plaintiffs.

v.

GENERAL MOTORS, LLC, a Delaware limited liability company;
TRW VEHICLE SAFETY SYSTEMS INC., a Delaware corporation;
KELSEY-HAYES COMPANY, a Delaware corporation;
JOHN DOE NOS. 1-25; and
JOHN DOE COMPANIES NOS. 1-25,

    Defendants.

---

**JOINT [PROPOSED] PROTECTIVE ORDER**

---

The above-entitled matter came on for consideration on the motion/stipulation for protective order of the parties covering confidential or proprietary documents to be produced by General Motors, LLC, TRW Vehicle Safety Systems Inc., and Kelsey-Hayes Company ("Defendants"). Based upon the submissions of the parties, including all the records, files, and proceedings herein, this Court being fully advised in the premises, **IT IS HEREBY ORDERED**:

    1.    Defendants may designate items of discovery or other information produced or disclosed to Plaintiffs as being confidential and subject to this Protective Order, which designation shall make such items and all copies, prints, summaries, or other reproductions of such information subject to this Order. All such documents or other tangible items produced by Defendants shall be clearly stamped or labeled to

indicate that such material is subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

2. Defendants shall designate as being "confidential" under this Protective Order only such documents and materials which they have determined in good faith to constitute or contain a trade secret, competitively sensitive information or other confidential research, development, technical or commercial information. All such documents and materials shall be clearly labeled to indicate that such material is Confidential subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

3. General Motors, LLC shall designate as being "Highly Confidential" under this Protective Order only those documents referred to in the Huizhen Lu Affidavit filed in the above captioned matter (D.E. 66-2) at paragraphs 28-37 and referred to in the Huizhen Lu Affidavit filed in *Bolanos v. General Motors*, Case No. 7,478 filed in the 49th district court, Zapata County, Texas (filed in this matter as D.E. 71-3) at paragraphs 32-39. All such documents and materials shall be clearly labeled to indicate that such material is Highly Confidential subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

4. Materials designated as Confidential and copies thereof may be disseminated, used, disclosed, or otherwise made available only to the following persons:

    a. Attorneys of record in this action and their partners or associate attorneys;

    b. Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the supervision of partners or associate attorneys of said firms;

    c. Any independent expert or consultant specifically retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action under the supervision of said persons;

    d. The Court;

    e. Court reporters or other official personnel reasonably required for the preparation of transcripts or testimony;

    f. Mediators and other individuals appointed by the Court in this matter;

    g. Defendants employees, either by deposition or trial testimony, who may be shown and questioned about the confidential material;

    h. Attorneys involved in similar cases involving GMT 900 Series vehicles. The sharing class shall be as follows:

<u>General Motors LLC's "Confidential" documents</u> shall only be shared by Plaintiffs' counsel in this action pursuant to this Order, with attorneys representing plaintiffs in a claim made to, or lawsuit initiated against, General Motors LLC involving allegations of negligence or product defect with respect to the roof structure, front outboard seat belt systems, and/or electronic stability control of a GMT 900 Series Vehicle.

<u>TRW Vehicle Safety System's Inc.'s "Confidential" documents</u> shall only be shared by Plaintiffs' counsel pursuant to this Order, with attorneys representing plaintiffs in a lawsuit initiated against TRW Vehicle Safety Systems Inc. involving allegations of product defect with respect to a seat belt retractor in the front outboard seating positions of a Model Year 2007-2012 Chevrolet Silverado or GMC Sierra 1500/2500/3500 regular cab, crew cab, or extended cab truck.

<u>Kelsey-Hayes Company's "Confidential" documents</u> shall only be shared by Plaintiffs' counsel pursuant to this Order, with attorneys representing plaintiffs in a lawsuit initiated against Kelsey-Hayes Company involving allegations of product defect with respect to the electronic stability control in a Model Year 2007-2013 Silverado HD 2500 truck.

Before receiving such documents, any such person who receives documents pursuant to paragraphs 4(c) or 4(h) must first execute the attached Exhibit A. Every Exhibit A will be maintained by counsel for Plaintiffs in this action and provided to Defendants within 30 days of the conclusion of this action.

With respect to paragraph 4(h), Plaintiffs will provide notice (comprised of the attorney's name and case name) to the respective defendants at the time their documents are shared pursuant to this Order. All copies of any confidential documents subject to this protective order shall be destroyed and a certificate of destruction sent to the respective Defendant(s) within 30 days of the conclusion of such other attorneys' respective case.

Regardless of the sharing provisions above, confidential documents and their contents shall not be shared with a competitor or an employee of a competitor of the producing Defendant.

5. The parties shall act to preserve the confidentiality of designated information. Before any such information is filed with the Court, the parties shall request the Court to permit filing under seal. If filing under seal is not permitted, other arrangement shall be made to assure that confidentiality is preserved. In this action, any document filed with the Court by the Plaintiffs or Defendants that contains information subject to this protective order shall be filed as a Restricted Document pursuant to D.C.COLO.LCivR 7.2, with a contemporaneous Motion to Restrict pursuant to Fed. R. Civ. P. 26(a)(7) and D.C.COLO.LCivR 7.2. Notwithstanding the foregoing, nothing in this Protective Order should be construed as an affirmative ruling that any motion to restrict will be granted, even if the Parties so stipulate.

6. Use of confidential documents or information covered by this Protective Order at trial or in other proceedings shall be addressed by the court at such times.

7. This protective order does not address issues of discoverability, substantial similarity, or the scope of relevant discovery for the products at issue in this lawsuit. These issues are not currently before the Court, and may be raised by the parties at the appropriate time.

8. In the event that Plaintiffs' counsel disagrees with the propriety of Defendants' designation of any item(s) as being confidential under this Protective Order, Plaintiffs' counsel shall serve written notice upon Defendants' counsel, specifying the

item(s) in question. In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, the producing party shall file a motion seeking Court adjudication of the propriety of the designation under applicable court rules or statutes. Any such item or items shall continue to be treated as confidential and subject to this Protective Order until such motion has been decided.

9. If any party wishes to modify this Order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to the termination of this lawsuit. Modification of this Order after termination of this lawsuit by judgment, settlement, or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Protective Order will govern. Provision for the use of such information at trial shall be similarly made by agreement or by pretrial order governing the use and protection of the record.

10. Upon reaching agreement upon settlement terms, or upon termination of this lawsuit by judgment, settlement or otherwise (whichever occurs first), counsel for Plaintiffs shall return to Defendants through their counsel of record all documents and information subject to this Order, including all copies, prints, and other reproductions of such information in the possession of Plaintiffs, Plaintiffs' counsel and staff, and Plaintiffs' retained experts as described in paragraph 4(c) above. Alternatively, Plaintiffs' counsel may destroy all documents and information subject to this Protective Order, including all copies, prints, and other reproductions of such information in the possession of Plaintiffs, the Plaintiffs' counsel and staff, and Plaintiffs' retained experts

as described in paragraph 4(c) above.  Plaintiffs' counsel may keep a list identifying all confidential documents produced. Plaintiffs' counsel shall certify in writing to Defendants' counsel compliance with this Order.

**IT IS SO ORDERED**

Dated: July 6, 2015  s/ Nina Y. Wang
Honorable Nina Y. Wang
United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00518-NYW

DANIEL PERTILE, an individual; and
GINGER PERTILE, an individual,

      Plaintiffs.

v.

GENERAL MOTORS, LLC, a Delaware limited liability company;
TRW VEHICLE SAFETY SYSTEMS INC., a Delaware corporation;
KELSEY-HAYES COMPANY, a Delaware corporation;
JOHN DOE NOS. 1-25; and
JOHN DOE COMPANIES NOS. 1-25,

      Defendants.

## CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER

STATE OF _____  )
                                                      ) ss.
COUNTY OF _____  )

    I, _____, hereby affirm that I have read the Protective Order entered in the above-entitled matter, dated _____, and have fully complied with all its terms and provisions.

                                                        _____
                                                                     *Affiant*

Subscribed to and sworn to before me this
\_\_\_\_\_ day of _____, \_\_\_\_\_.

_____
Notary Public